United States District Court
Southern District of Texas
**ENTERED**
August 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA "JESSA" HINTON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-21-3957 |
| | § | |
| TMBJ INVESTMENTS, INC. d/b/a VIVID GENTLEMEN'S CLUB d/b/a VIVID LIVE HOUSTON and VIVID ENTERTAINMENT GROUP d/b/a VIVID DIGITAL ENTERTAINMENT, LLC d/b/a VIVID, | § § § § § § § | |
| Defendants. | | |

**MEMORANDUM AND OPINION**

The plaintiffs are models alleging that the defendants misappropriated their likenesses to promote a strip club, TMBJ Investments d/b/a Vivid Live Houston, by displaying those images on the club's Facebook account, its other social media platforms, and its website. (Docket Entry No. 13 (Am. Compl.) ¶ 19). They bring claims under the Lanham Act and Texas state law. The court previously granted default judgment against TMBJ Investments. (Docket Entry No. 41). The remaining defendant, Vivid Entertainment Group, moves to dismiss the amended complaint for lack of personal jurisdiction and failure to state a claim. (Docket Entry No. 23). Vivid Entertainment also argue that the statute of limitation has run on certain claims.

The court grants Vivid Entertainment's motion to dismiss because the plaintiffs have not made a prima facie showing of personal jurisdiction over this defendant. The reasons are set out below.

**I.   The Legal Standard**

The plaintiffs must make a prima facie showing of personal jurisdiction. *Pervasive Software, Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 219 (5th Cir. 2012). A federal court may

exercise personal jurisdiction over a nonresident defendant when the long-arm statute of the forum state and the due process clause of the United States Constitution permit it. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). The Texas long-arm statute confers jurisdiction to the limits of due process. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018); *see also Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990) ("This court has decided that the broad language of the long-arm's statute's doing business requirement allows the statute to reach as far as the federal constitution permits.").

When the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state, the court must have general personal jurisdiction. "[A] court may assert jurisdiction over a foreign corporation to hear any and all claims against [it] only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Due process requires that the foreign defendant have engaged in continuous and systematic contacts with the forum state for a court to exercise general jurisdiction. *Helicopteros Nacionales*, 466 U.S. at 414–16; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101–102 (5th Cir. 2018) (quoting *Johnston*, 523 F.3d at 609). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous[,] and systematic contacts required for a finding of general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002).

2

The specific personal jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citation omitted); *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). The Fifth Circuit applies a "three-step test to determine whether specific jurisdiction exists." *Admar Int'l, Inc. v. Eastrock, LLC*, 18 F.4th 783, 786 (5th Cir. 2021).

> First, Plaintiffs must show that [Vivid] has minimum contacts with [Texas]—that [Vivid] purposefully directed its activities at [Texas] and availed itself of the privilege of doing business there. Second, Plaintiffs must show that its cause of action arises out of [Vivid's] [Texas] contacts. And third, if Plaintiffs satisfy the first two steps, then [Vivid] must show that exercising jurisdiction would prove unfair or unreasonable.

*Id.* (internal citations omitted).

Specific personal jurisdiction must be analyzed on a claim-by-claim basis. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citation omitted) ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.").

**II. Analysis**

There is no argument for general personal jurisdiction on the facts alleged in the complaint. With respect to specific personal jurisdiction, the defendants argue that Vivid Entertainment lacks suit-related contacts with Texas:

> [Vivid Entertainment]: (1) does not have any offices or employees, agents, or representatives in the State of Texas; (2) does not maintain a registered agent on whom service of process can be made in the State of Texas; (3) does not rent, own, or possess any real or personal property in the State of Texas; (4) does not maintain a telephone listing in the State of Texas or have a mailing address or post office box in the State of Texas; (5) does not maintain a bank account or pay franchise taxes in the State of Texas; (6) does not guarantee any debts owed to Texas residents or companies; (7) is not registered to do business in the State of Texas and does not have a certificate of authority to conduct business in the State of Texas; (8) does not operate, conduct, engage in, or carry on any general course of business or

3

business venture in the State of Texas, and (9) no person or entity on [Vivid Entertainment's] behalf visited the State of Texas to negotiate or enter into any agreement with TMBJ or meet with any plaintiff.

(Docket Entry No. 23 at 1).

The plaintiffs allege that Vivid Entertainment is a company organized under California law and based in California. (Am. Compl. ¶ 20). They allege that "Vivid Entertainment also cross-promotes and/or has ownership and/or financial interests in various strip clubs across the country," including the TMBJ Investments club doing business as Vivid Houston. (*Id.*; *see also id.* ¶ 73). The plaintiffs allege that Vivid Entertainment has licensed the "Vivid" name to the Houston club. (*Id.* ¶¶ 21, 74). The plaintiffs also allege that "[u]pon information and belief, Vivid Entertainment Group creates and directs the traditional and social media marketing strategies and policies for all Vivid clubs throughout the United States." (*Id.* ¶ 75). The plaintiffs allege that the defendants' unauthorized use of their likenesses "create[d] the false impression that Plaintiffs worked at Vivid Houston and Vivid Entertainment, or endorsed the club." (*Id.* ¶ 85).

Vivid Entertainment argues that the purported license agreement between it and TMBJ Investments to use the Vivid name for the Houston club is insufficient to establish jurisdiction over Vivid Entertainment in Texas. (Docket Entry No. 23 at 10). They argue the same with respect to the alleged "cross-promotion" between Vivid Entertainment and TMBJ Investments. (*Id.*). And they argue that the amended complaint does not allege that Vivid Entertainment engaged in any conduct that contributed to TMBJ Investments' decision to display the plaintiffs' images in its advertising. (*Id.*).

In their opposition brief, the plaintiffs argue that:

there was a licensing agreement in place and a sustained level of conduct to support the exercise of jurisdiction over [Vivid Entertainment], the world's largest distributor of pornographic movies. [Vivid Entertainment] cannot cross-promote its products and services and profit in Houston from those promotions and then allege it cannot be sued in Houston.

4

(Docket Entry No. 42 ¶ 14; *see also id.* ¶ 17 ("[The amended complaint] alleges that the strip club entered into a written agreement with Vivid Entertainment Group . . . for permission to use [Vivid Entertainment's] logo in the Houston club's advertising and social media.")). The licensing agreement had nothing to do with the display of the plaintiffs' images. The plaintiffs allege that neither TMBJ Investments nor Vivid Entertainment "obtained, either directly or indirectly, permission to use Plaintiffs' Images." (Am. Compl. ¶ 92). Any license agreement between Vivid Entertainment and TMBJ Investments did not involve a license to use the plaintiffs' image for purposes not authorized by the plaintiffs. The license agreement does not form the basis for any cause of action alleged by the plaintiffs. The minimum contacts analysis considers suit-related contacts with the forum state, not any contact whatsoever. The purported agreement for use of the "Vivid" name, and the presence of Vivid Entertainment performers to promote the Houston club, does not give rise to the plaintiffs' cause of action and cannot form the basis for this court to exercise personal jurisdiction over Vivid Entertainment. *See Admar*, 18 F.4th at 786.

Finally, the fact that Vivid Entertainment may have financial or ownership interests in TMBJ Investments does not create personal jurisdiction, because TMBJ Investments and Vivid Entertainment are distinct legal entities. The plaintiffs do not ask this court to perform a veil piercing analysis, and nothing in the complaint suggests that Vivid Entertainment should be treated as the alter ego of TMBJ Investments.

### III.   Conclusion

Even if the plaintiffs' likenesses were used without their knowledge or consent to promote a kind of business with which they would prefer to not be associated and for which they were not compensated, the amended complaint does not provide a sufficient basis for this court to exercise personal jurisdiction over Vivid Entertainment.

The court grants the motion to dismiss for lack of personal jurisdiction. An order of dismissal will be separately entered.

SIGNED on August 1, 2023, at Houston, Texas.

                                              Lee H. Rosenthal
                                        United States District Judge